1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**Original Filed 3/1/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| WADE ROBERTSON,<br><br>          Plaintiff,<br><br>     v.<br><br>SHIRAZ QADRI, AVENIR RESTAURANT GROUP, INC. and GREG ST. CLAIRE,<br><br>          Defendants. | Case Number C 06-04624 JF<br><br>ORDER[1] DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS<br><br>[re: docket no. 40, 72] |

19   Defendants Shiraz Qadri ("Qadri"), Avenir Restaurant Group, Inc. ("Avenir") and Greg

20  St. Clarie ("St. Claire") (collectively "Defendants") move to dismiss the second amended

21  complaint ("SAC") of plaintiff Wade Robertson ("Plaintiff") for failure to state a claim upon

22  which relief can be granted.  Plaintiff, a member of the California Bar[2] proceeding *pro se*,

23  opposes the motion.  The Court heard oral argument on February 23, 2007.  For the reasons set

24  forth below, the Court will deny the motion in part and grant it in part, with leave to amend.

25                                          **I.  BACKGROUND**

26  _____

27      [1] This disposition is not designated for publication and may not be cited.

28      [2] FAC ¶ 7.

1    1.      Procedural Background

2          On July 28, 2006, Plaintiff filed the instant action against Qadri, the general manager of

3 Nola's Restaurant and Bar ("the restaurant"), seeking declaratory relief, or in the alternative,

4 damages for false imprisonment, slander, and intentional infliction of emotional distress arising

5 out of the incident on April 28, 2006 described below.  On August 18, 2006, Plaintiff filed a first

6 amended complaint ("FAC") against Qadri, Avenir (Nola's owner), and St. Claire (Avenir's

7 owner) asserting claims for (1) declaratory judgment regarding the non-occurrence of tortious

8 acts; (2) & (3) false imprisonment with intentional infliction of emotional distress based upon

9 different factual predicates; (4) respondeat superior liability; and (5) common law assault with

10 intentional infliction of emotional distress.  On August 28, 2006, Defendants moved to dismiss

11 the FAC.  In an order filed October 26, 2006, the Court granted the motion with leave to amend

12 ("October 26th Order").

13          On November 13, 2006, Plaintiff filed the SAC.  The SAC asserts claims for (1) false

14 imprisonment inside the restaurant; (2) intentional infliction of emotional distress inside the

15 restaurant; (3) false arrest after leaving the restaurant; (4) intentional infliction of emotional

16 distress after leaving the restaurant; (5) assault on August 4, 2006; and (6) intentional infliction

17 of emotional distress on August 4, 2006.  On December 1, 2006, Defendants moved to dismiss

18 the SAC on the basis that it fails to state a claim upon which relief may be granted.  On February

19 2, 2007, Plaintiff opposed the motion and moved to strike all of the purported facts in the motion.

20 On February 9, 2007, Defendants replied and opposed the motion to strike.  The Court heard oral

21 argument on February 23, 2007.

22    2.      Factual Background

23          Many of the facts alleged by Plaintiff in the FAC and its accompanying declarations do

24 not appear in the SAC.  The Court described many of the factual allegations of the FAC in the

25 October 26th Order.  Even after the redaction of these facts, the allegations of the SAC still

26 pertain to the two incidents alleged in the FAC, one at the restaurant on April 28, 2006 ("the

27 April 28 incident") that ended in Plaintiff's being taken into custody by a police officer, *see* SAC

28

2

¶ 35, and another on August 4, 2006 ("the August 4th incident") that involved a confrontation between Plaintiff and Defendants, *see* SAC ¶ 52.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic, which are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999).

## III. DISCUSSION

1. Motion to Dismiss

    a. First Claim: False Imprisonment Inside the Restaurant by Qadri and Avenir

    Plaintiff makes the following allegations in his first claim for relief:

10. All of the events described below giving rise to this claim occurred on Friday April 28, 2006.
11. Defendant Qadri confined Plaintiff in the Restaurant on Friday April 28, 2006 from 12.43am until 1:00am - seventeen minutes.
12. Defendant Qadri confined Plaintiff in the Restaurant by threatening the use of physical force or violence against Plaintiff.
13. Alternatively, Defendant Qadri confined Plaintiff in the Restaurant through unreasonable duress by taking Plaintiff's valuable property away from his against his will and requiring Plaintiff to remain confined in an area specified by the Defendant in order to re-obtain his property from Defendant.
14. Defendant Qadri intended to confine Plaintiff in the Restaurant.
15. Defendant Qadri's confinement of Plaintiff in the Restaurant was at all times without Plaintiff's consent.

3

16.  At all times while being confined by Defendant Qadri <u>in the Restaurant</u>, Plaintiff desired to leave the area of confinement immediately.

17.  Defendant Qadri's confinement of Plaintiff <u>in the Restaurant</u> was executed without any lawful privilege.

SAC ¶¶ 11-17.  Plaintiff also alleges general damages, malicious intent that gives rise to punitive damages, the employment of Qadri by Avenir, Avenir's knowledge of Qadri's incompetence, and Avenir's ratification of Qadri's actions.  SAC ¶¶ 18-22.  Plaintiff provides no factual allegations elsewhere in the SAC that expand on those included in SAC ¶¶ 10-22.  For example, the SAC does not include a section equivalent to the section of the FAC entitled "Facts Common to All Claims."  *See* FAC ¶¶ 11-51.

The Court dismissed a comparable claim in the FAC because the privilege established by Cal. Civ. Code § 47(b) applied to Qadri's communications to the police officer.  As currently pled, the first claim is not barred by the Section 47(b) privilege.  It appears from earlier pleadings than any augmented version of the facts would be based upon a theory that Plaintiff was falsely imprisoned by Qadri's decision to hold Plaintiff's credit card.  However, the Court sees no advantage in requiring Plaintiff to amend this claim because the earlier pleadings give the Defendants notice of the factual basis of the claim.  Accordingly, the motion to dismiss will be denied as to this claim.

      b.      Third Claim: False Arrest Outside the Restaurant by Qadri and Avenir

Plaintiff alleges that Qadri made a citizen's arrest after Plaintiff left the restaurant on Friday April 28, 2006 by taking the following actions:

29.  Defendant Qadri summoned a police officer.

30.  Defendant Qadri reported to the summoned officer that he was arresting Plaintiff for illegally getting into a car to drive while under the influence of alcohol.

31.  Defendant Qadri pointed out and identified Plaintiff to the summoned police officer.

32.  Plaintiff's car was parked in front of the Restaurant, on the street.

33.  Defendant Qadri delegated the physical act of taking Plaintiff into custody to the summoned police officer.

34.  Defendant Qadri instructed the police officer to take Plaintiff into custody away from the entrance of the Restaurant so as to not alarm the crowd of patrons gathered at that time in front of the Restaurant.

35.  The summoned police officer took Plaintiff into custody pursuant to Defendant Qadri's instructions.

4

SAC ¶¶ 29-33.  The Court dismissed a similar claim in the October 26th Order, explaining that it was barred by Cal. Civ. Code § 47(b).  As with his first claim, Plaintiff now asserts a false arrest claim that lacks much of the contextual background included in the FAC.  Nonetheless, the third claim includes enough factual detail to give Defendants notice of the actions they are alleged to have taken and to allow them to formulate a defense.  Accordingly, the Court must determine whether the activity falls within the section 47(b) privilege.

When a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication is subject to an unqualified privilege under section 47(b).  As the Court explained in the October 26th order, the distinction between whether conduct is communicative or non-communicative hinges on the gravamen of the action.  *See Ruseen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006).  The key in determining whether the privilege applies is whether the injury allegedly resulted from an act that was communicative in its essential nature.  *Id.*  "A private person making a citizen's arrest need not physically take the suspect into custody, but may delegate that responsibility to an officer, and the act of arrest 'may be implied from the citizen's act of summoning an officer, reporting the offense, and pointing out the suspect.'"  *Meyers v. Redwood City*, 400 F.3d 765, 772 (9th Cir. 2005) (citing *Padilla v. Meese*, 184 Cal.App.3d 1022, 1030-31 (Cal. Ct. App. 1986)); *see also* Cal. Pen. Code § 839.

The Court concludes that the facts alleged in the SAC are equivalent to the delegated arrest described in *Meyers* and in other cases citing Cal. Pen. Code § 839.  While the Court recognizes that those facts are disputed, such a dispute does not constitute a reason to dismiss this claim.[3]

    c.     Fifth Claim: Assault by Qadri and St. Claire

---

[3]  The Court has compared the factual allegations of the FAC and the SAC closely and concludes that the descriptions of the events pertinent to the false arrest claim are not wholly inconsistent.  Nor may the Court dismiss the claim on the basis that the resulting criminal charges are still pending because "[a] cause of action for false arrest accrues on the arrest and is actionable immediately. There is no requirement that the arrestee allege favorable termination of the criminal proceedings."  *Mohlmann v. City of Burbank*, 179 Cal.App.3d 1037, 1041 n.1 (Cal. Ct. App. 1986).

1    Plaintiff's allegations pertaining to the fifth claim include the following:

2    49.  Defendants Qadri and St. Claire, along with a third cohort, tracked Plaintiff's location to a private office where they cornered him by blocking the only exit.

3    50.  Defendants Qadri and St. Claire violently and repeatedly struck the door of the office that Plaintiff was located in.

4    51.  Defendants Qadri and St. Claire shouted out for Plaintiff by name.

5    52.  Defendants Qadri and St. Claire shouted expletives and threatened harm upon the person of Plaintiff.

6    53.  Defendants Qadri and St. Claire's actions frightened other adults who were in the same office as Plaintiff.

7    54.  As a consequence of Defendants Qadri and St. Claire's actions, other adults who were in the same office as Plaintiff feared that they would themselves be physically harmed by Defendants Qadri and St. Claire.

8    55.  Other adults who were in the same office as Plaintiff interpreted Defendants' actions as threatening immediate harmful contact upon Plaintiff.

9    56.  Because of Defendants Qadri and St. Claire's actions, Plaintiff interpreted Defendants' actions as threatening immediate harmful contact upon Plaintiff.

10   57.  In order to flee from the office, Plaintiff was required to walk through the exit door which Defendants Qadri and St. Claire had blocked – the only exit door.

11   58.  In order to flee from the office, Plaintiff was required to walk past Defendants Qadri and St. Claire.

12   59.  On Friday August 4, 2006, Plaintiff suffered an apprehension of an immediate harmful contact by Defendants Qadri and St. Claire from their intended acts.

13

14   SAC ¶ 49-59.  As the Court explained in the October 26th Order, Plaintiff cannot have had a

15   reasonable apprehension of harmful or offensive contact when he was inside an office behind a

16   closed door.  Even as amended, the allegations in SAC ¶¶ 49-56 do not state a claim for assault.

17   The allegation that Plaintiff had to walk through the exit door that the Defendants *had* blocked at

18   an earlier point in time also does not give rise to a claim for assault because there is no allegation

19   that Plaintiff came into actual proximity with Defendants.  The allegation in paragraph 58 that

20   Plaintiff was required to walk past Defendants does not describe Defendants' proximity to

21   Plaintiff or allege that Defendants took any action during any moment of proximity that would

22   give rise to a reasonable apprehension of imminent harm.  The final allegation in paragraph 59 is

23   conclusory.  Accordingly, the Court will dismiss the fifth claim.  Based on the entirety of the

24   record, it is unclear whether further amendment would be futile.  However, Plaintiff should not

25   amend this claim unless he can allege facts sufficient to give rise to a reasonable apprehension of

26   harmful or offensive contact.

27        d.        Second, Fourth, and Sixth Claims: Intentional Infliction of Emotional Distress

28        The allegations regarding Plaintiff's second claim merely reallege those of his first claim,

6

1  SAC ¶ 24, asserting that the confinement was "outrageous with intent to cause, or with reckless

2  disregard of the probability of causing, emotional distress to Plaintiff," SAC ¶ 25, and that

3  Plaintiff endured severe emotional distress as a result of the confinement alleged in the first

4  claim.  These allegations are conclusory and the Court will dismiss this claim.  The fourth and

5  sixth claims are equally conclusory and also will be dismissed.  Plaintiff stated at oral argument

6  that he would not amend these claims if, on reconsideration, he did not believe that he could

7  plead them with an adequate degree of specificity.  The Court will grant leave to amend these

8  claims but stresses that it will not allow these claims to proceed if they again are pled in a

9  conclusory fashion.

10         e.      Request for Leave to Amend

11         Plaintiff requests that the Court grant him leave to add a claim for malicious prosecution

12  and that the Court issue a stay until standing accrues to him.  The Court concludes that it is not in

13  the interests of judicial economy or efficiency to grant this request.  Should the underlying

14  criminal action terminate in a manner favorable to Plaintiff, Plaintiff may seek leave to amend at

15  that time.

16  2.      Motion to Strike

17         Plaintiff moves to strike all facts in Defendants' motion to dismiss or, in the alternative,

18  to allow for a continuance under Fed. R. Civ. P. 56(f) to perform depositions to defeat a motion

19  that should be considered a motion for summary judgment.  Defendants oppose the motion.

20         Plaintiff asserts that Defendants include matter outside the pleadings in their motion to

21  dismiss.  However, those sections are the procedural history of the case, argument as to the

22  vexatious purpose of the litigation, citation of the allegations of the FAC, or argument based on

23  the pending criminal case against Plaintiff, which was the subject of judicial notice in the

24  October 26th Order.  The Court has not considered any evidence outside the pleadings or

25  attempted to weigh the factual merits of Plaintiff's claims.  The Court has not chosen to treat the

26  instant motion as a motion for summary judgment.  Accordingly, the motion to strike will be

27  denied as moot.

28  3.      Subject Matter Jurisdiction

7

Case No. C 06-04624 JF
ORDER  DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS
(JFLC1)

1    Unlike the FAC, the SAC does not include an allegation of Plaintiff's citizenship, so the

2  Court cannot determine whether it has diversity jurisdiction as Plaintiff asserts.  Any amended

3  complaint shall allege this information.

4                                    **III. ORDER**

5    Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to dismiss is

6  DENIED in part and GRANTED in part, with leave to amend.   Plaintiff's motion to strike is

7  DENIED.  Plaintiff shall file any amended complaint within thirty days of the issuance of this

8  order.

9

10

11  DATED: March 1, 2007.

12

13

14                                        _____

15                                        JEREMY FOGEL
                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-04624 JF
ORDER  DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS
(JFLC1)

1   Notice of this Order will be delivered to:

2

3   Leslie Mark Gammill and Patrick C. Kerwin
    Kerwin & Kerwin, LLP
4   968 Woodside Road
    P.O. Box 610148
5   Redwood City, CA 94061-0148

6

7   Wade Robertson
    Post Office Box 20185
8   Stanford, CA 94309

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-04624 JF
ORDER  DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS
(JFLC1)