United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WADE ROBERTSON, <br><br> Plaintiff, <br><br> v. <br><br> SHIRAZ QADRI, AVENIR RESTAURANT GROUP, INC. and GREG ST. CLAIRE, <br><br> Defendants. | No. C06-04624 JF (HRL) <br><br> ORDER: <br> 1. GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR STAY OF DISCOVERY, PROTECTIVE ORDER AND APPOINTMENT OF A SPECIAL MASTER; <br> 2. DENYING DEFENDANTS' REQUEST FOR SANCTIONS; <br> 3. GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RE PAIZ DEPOSITION; <br> 4. GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RE QADRI DEPOSITION; AND <br> 5. DENYING PLAINTIFF'S MOTION FOR SANCTIONS <br><br> [Re: Docket Nos. 47, 68, 74, 77] |

This is a tort action for alleged false imprisonment and false arrest[1] stemming from a dispute over a bar tab at Nola's Restaurant and Bar ("Restaurant") and subsequent events which culminated in plaintiff's DUI arrest. The Third Amended Complaint (the current and operative pleading) alleges diversity jurisdiction. Plaintiff Wade Robertson is a California attorney who is proceeding pro se. According to the complaint, on the night in question, plaintiff had been a

---

[1] Plaintiff's claims for assault and intentional infliction of emotional distress have been dismissed.

1   patron at the Restaurant.  Plaintiff claims that defendant Qadri, the Restaurant's general
2   manager, falsely imprisoned him for seventeen minutes at the bar.  The complaint further
3   alleges that, after plaintiff left the Restaurant, Qadri conducted a (false) citizen's arrest by
4   summoning a police officer and reporting that plaintiff was getting into a car to drive while
5   intoxicated.  Defendants deny any wrongdoing.  According to them, plaintiff attempted to settle
6   his final bill and discussed a discrepancy with Qadri.  They contend that plaintiff's subsequent
7   arrest was the consequence of his own decision to drive while intoxicated.  Plaintiff denies
8   having consumed any alcohol.

9        Presently before this court are the parties' discovery motions relating to the conduct of
10  the depositions of Qadri and John Paiz, a bartender who worked at the Restaurant on the night
11  in question.  Plaintiff deposed Qadri for approximately 1 hour (excluding breaks).  The next
12  day, plaintiff deposed Paiz, who was being represented by defense counsel.  Paiz's examination
13  lasted for about 2.5 hours (excluding breaks).  Defendants contend that plaintiff conducted the
14  depositions in a vexatious and harassing manner.  Pursuant to Fed. R. Civ. P. 30(d)(4), they now
15  move to stay discovery and for a protective order.  Defendants agree to produce Qadri and Paiz
16  so that their depositions may be completed; however, they request that a special master be
17  appointed to oversee the remainder of all depositions to be taken in this action.  Additionally,
18  defendants contend that plaintiff's conduct warrants the imposition of monetary sanctions.

19       Plaintiff opposes defendants' motion and has filed counter-motions to compel testimony
20  from Qadri and Paiz.  He asserts that defense counsel made improper objections and unilaterally
21  terminated the depositions without justification.  He also claims that defense counsel and
22  defendant St. Claire engaged in unprofessional and demeaning conduct designed to disrupt the
23  examination.  With respect to defendant Qadri, plaintiff seeks an order requiring Qadri to (a)
24  provide written answers to the questions he refused to answer in deposition; and (b) appear for
25  another day of deposition (minus the time that he has already appeared for examination).  As for
26  Paiz, plaintiff moves for an order requiring Paiz to provide written answers to the questions he
27  refused to answer in deposition.  Nonetheless, plaintiff also requests that the court terminate
28  Paiz's deposition.

The parties' arguments made in support of and in opposition to their respective motions are the same, and the court will treat both motions together in this order. Upon consideration of the papers filed by the parties,[2] as well as the arguments presented at the March 20, 2007 hearing, this court issues the following order:

**1.      Defendants' Motion for Stay of Discovery**

At the time defendants' discovery motion was filed, their motion to dismiss plaintiff's Second Amended Complaint was pending before the District Court. They requested that all discovery be stayed pending the resolution of that motion. Since then, however, the District Court has ruled on defendants' motion to dismiss. Accordingly, defendants' motion for a stay of discovery is DENIED AS MOOT.

**2.      Parties' Motions re Qadri's Deposition**

Defendants move for a protective order under Fed.R.Civ.P. 30(d)(4). They claim that plaintiff repeatedly asked questions about irrelevant and private matters solely to harass Qadri, waste time and increase costs. Plaintiff moves to compel Qadri's answers to several deposition questions, arguing that defense counsel improperly instructed Qadri not to answer questions in violation of Fed. R. Civ. P. 30(d)(1). He also argues that defendants improperly and unilaterally terminated the deposition.

Rule 30(d)(1) of the Federal Rules of Civil Procedure provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." FED.R.CIV.P. 30(d)(1) (emphasis added). Insofar as defendants are seeking relief pursuant to Fed. R. Civ. P.

---

[2] Plaintiff asserts a host of evidentiary objections to a number of statements made by defense counsel, Patrick Kerwin, in two separate declarations. Generally, the disputed statements comprise defense counsel's characterization of (a) the ultimate issues of liability; (b) the conduct of this lawsuit generally; and (c) the conduct of the Qadri and Paiz depositions. Plaintiff objects that the statements were made without establishing personal knowledge of the matters asserted, are argumentative, constitute inadmissible hearsay, are unsupported by the record, and violate Fed.R.Civ.P. 11. Indeed, much of defense counsel's declarations appear to merely replicate the arguments and assertions in defendants' briefs. At any rate, this court is not ruling upon the merits of the parties' claims and defenses. For purposes of resolving the instant discovery dispute, this court has based its findings upon its independent review of the Qadri and Paiz deposition transcripts.

3

1  30(d)(4), the court does not find, at the outset, that counsel's instructions not to answer or his
2  termination of the deposition were improper.

3  Nevertheless, defendants maintain that Qadri should not now be compelled to answer
4  the fifteen or so questions which are the subject of plaintiff's motion to compel. (*See* Plaintiff's
5  "Motion to Compel Deposition Testimony from the Defendants Re: Qadri," Exs. B, F, G and
6  J). Based upon its review of the Qadri deposition transcript, this court rules as follows:

7  Plaintiff's motion to compel answers to Question Nos. 1-6, 14 and 15 is DENIED.[3]
8  Even under the broad standard of relevance set out in Fed. R. Civ. P. 26(b)(1), plaintiff has
9  failed to show the relevance of questions seeking information about (a) whether Qadri has ever
10 been arrested, (b) whether Qadri has ever been cited by a police officer for any alcohol-related
11 incident, (c) Qadri's social security number, telephone number and cell phone number, (d)
12 Qadri's prior employment history, (e) whether Qadri is able to make impromptu staff
13 scheduling changes, and (f) whether a staff schedule is physically posted.

14 Plaintiff's motion as to Question No. 10 (*see* Mot., Ex. B) is GRANTED. Here, plaintiff
15 apparently sought to confirm certain points about the Restaurant's business. Defendants
16 objected to the question on the ground that it misstated Qadri's prior testimony. Plaintiff
17 apparently also takes issue with defense counsel's comment to "clean [the question] up." (*See*
18 Robertson Decl., ¶ 5, Ex. A (Qadri Depo. at (46:10-48:6)). Perhaps plaintiff could have re-
19 phrased the question to eliminate the basis for the objection. Nevertheless, whether or not the
20 question misstates Qadri's testimony, the record will speak for itself. Qadri could have
21 answered, subject to the stated objection. To the extent plaintiff chooses to pursue this question
22 when Qadri's deposition is resumed, Qadri shall answer.

23 Plaintiff's motion as to Question Nos. 7, 8, 9, 11-13 (*see* Mot., Ex. B) and the questions
24 identified in his motion at Exhibits F and G is GRANTED. The court concludes that plaintiff
25 fairly should be given some leeway to explore the Restaurant's business operations, corporate
26 structure and staff. To the extent Qadri has an understanding of the term "business operations,"

---

[3] Here, the court refers to the questions by the number assigned to them by plaintiff. (*See* Plaintiff's "Motion to Compel Deposition Testimony from the Defendants Re: Qadri," Ex. B).

4

1  plaintiff is entitled to know Qadri's (a) understanding of that term and (b) answer based on that
2  understanding.
3  However, plaintiff's request to have Qadri answer deposition questions in writing is
4  DENIED.  Qadri's deposition will be resumed as set out below.

### 3. Parties' Motions re Paiz's Deposition

Pursuant to Fed.R.Civ.P. 30(d)(4), defendants argue that a protective order is also warranted as to Paiz's deposition.  They claim that plaintiff conducted Paiz's deposition in a similarly vexatious manner.  Plaintiff moves to compel Paiz to answer several deposition questions, arguing that defense counsel improperly instructed Qadri not to answer questions in violation of Fed. R. Civ. P. 30(d)(1).  He also argues that the examination was unfairly cut short because he had not been given prior notice of Paiz's scheduling conflict that day.

For the reasons stated above in connection with defendant Qadri, the court does not find, at the outset, that defense counsel's instructions not to answer were improper.  Although plaintiff now complains that he was not given prior notice of Paiz's scheduling conflict, the record shows that at the end of his deposition session, the parties mutually agreed to continue Paiz's deposition.  (Robertson Decl., ¶ 5, Ex. A (Paiz Depo. at 155:11-18)).  Plaintiff contends that defendants' instant discovery motion is contrary to the agreement to continue Paiz's deposition.  However, defendants are entitled to have their motion for protective order resolved before Paiz's deposition is resumed.  *See* FED.R.CIV.P. 30(d)(4) ("Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order.").

As for the ten questions that plaintiff says Paiz should now be compelled to answer, this court has also read the entire transcript of Paiz's deposition.  Based upon that review:

Plaintiff's motion to compel answers to Question Nos. 1-6 and 8-10 is DENIED.[4]  All of these questions were previously or eventually answered by Paiz.  (*See* Robertson Decl., ¶ 5, Ex.

---

[4] The court refers to the questions at issue by the number assigned to them by plaintiff. (*See* Plaintiff's "Motion to Compel Deposition Testimony from the Defendants Re: Paiz," Ex. B).

5

A, (Paiz Depo. at 12:3-17, 20:7-21:6, 23:16-22, 24:1-7, 27:8-15, 30:6-20, 53:5-54:14, 58:5-22, 124:4-24, 140:12-17, 143:11-14)).

Plaintiff's motion to compel Paiz's answer to Question No. 7 is GRANTED. Plaintiff apparently seeks information about why police officers might enter the Restaurant. Defendants object that the question is argumentative and calls for speculation. Nonetheless, the court concludes that Paiz can answer to the extent he knows. If he truly does not know, then Paiz can say so. Plaintiff's request for order directing Paiz to answer Question No. 7 in writing, however, is DENIED.

Curiously, plaintiff also seeks an order terminating Paiz's deposition. Plaintiff apparently feels that any further examination will be fruitless, given the past conduct of defense counsel and defendants. Plaintiff's request to terminate the deposition nonetheless is rather odd, particularly when he also claims that he has not had a fair opportunity to examine Paiz. This court declines to order the deposition terminated. In any event, no such order is necessary – plaintiff is free to depose Paiz or not as he chooses.

**4.      The Parties' Motions for Sanctions**

Each side argues that the opposing party has engaged in unprofessional and inappropriate conduct justifying an award of monetary sanctions. Plaintiff correctly notes that defendants did not file a separate motion for sanctions as required by the court's Civil Local Rules. At the motion hearing, plaintiff also made a pitch to have defendants' attorney disqualified and replaced with new counsel.

As noted above, this court has carefully reviewed the transcripts of the Qadri and Paiz depositions in their entirety. The record presented indicates that neither side's conduct has been particularly commendable. Accordingly, the court DENIES sanctions to both sides.

**5.      Defendants' Motion to Appoint a Special Master**

Defendants argue that a special master is needed to supervise all depositions. Plaintiff contends that a special master is unnecessary, and he declines, in any event, to split the costs associated with any such appointment.

1  Based on the record presented, and to the extent that plaintiff intends to continue to
2  examine witnesses himself, this court finds that some sort of supervision is necessary; and, this
3  court agrees to supervise the remainder of Qadri's deposition as set out below.  Nonetheless, the
4  court emphasizes that the instant discovery motions present an unfortunate state of affairs
5  requiring judicial intervention of a nature which this court has not previously been called upon
6  to provide – and one which it is not inclined to provide more than once.  Additionally, if the
7  parties and counsel continue to find that they are unable to comport themselves with civility and
8  basic professionalism, the court will revisit the question of appointing a special master, with the
9  costs to be split by both sides.

10  Accordingly, defendants' motion for the appointment of a special master is DENIED
11  WITHOUT PREJUDICE.  Plaintiff indicates that he presently does not intend to proceed with
12  Paiz's deposition.  This court will supervise the remainder of Qadri's deposition.  The
13  deposition will be limited to two additional hours, without prejudice to plaintiff to request more
14  time (subject to the seven-hour limit under Fed.R.Civ.P. 30), provided that plaintiff has been
15  efficient in his examination and can demonstrate that more time is necessary for a fair
16  examination.  Plaintiff shall be responsible for securing a court reporter.  The parties shall
17  meet/confer and then contact this court's chambers with proposed mutually agreeable
18  dates/times for the resumption of Qadri's deposition.  The court will deal firmly with any
19  unprofessional or inappropriate conduct during the deposition.

20  IT IS SO ORDERED.
21  Dated:   April 20, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

7

**A copy of this order will be mailed to:**

Wade Robertson
Post Office Box 20185
Stanford, CA 94309

    Pro Se Plaintiff

Patrick C. Kerwin
Kerwin & Kerwin, LLP
968 Woodside Road
P.O. Box 610148
Redwood City, CA 94061-0148

    Counsel for Defendant

Dated: 4/20/07      _____/s/_____
                         Chambers of Magistrate Judge Lloyd