**United States District Court**
For the Northern District of California

1

2

3                                              **\*E-FILED:  8.2.2007\***

4

5

6

7                                        NOT FOR CITATION

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                        SAN JOSE DIVISION

11   WADE ROBERTSON,                                 No. C06-04624 JF (HRL)

12            Plaintiff,                              **ORDER DENYING WITHOUT
                                                      PREJUDICE PLAINTIFF'S MOTION TO**
13        v.                                          **QUASH SUBPOENA AND  FOR
                                                      HEARING DATE ON MOTION FOR**
14   SHIRAZ QADRI, AVENIR RESTAURANT                  **PROTECTIVE ORDER**
     GROUP, INC. and GREG ST. CLAIRE,
15            Defendants.                             **[Re:  Docket No. 186]**

16   _____/

17        Presently before this court is a dispute over defendants' Fed.R.Civ.P. 45 subpoena

18   seeking deposition testimony and documents from third-party Timothy Gray.  Mr. Gray is

19   identified as a percipient witness who purportedly was disclosed by plaintiff in his initial

20   disclosures.  The subpoena, which reportedly was served on July 25, 2007, set an August 2,

21   2007 compliance date for Mr. Gray's deposition and production of documents.

22        Pursuant to Civil Local Rule 7-11, plaintiff Wade Robertson filed a motion seeking

23   "administrative" relief – namely, an order (a) quashing defendants' subpoena and (b) setting a

24   hearing on a prospective "motion to be brought by Plaintiff seeking a Protective Order for third-

25   party witness Tim Gray."  (*See* Motion at 1:8-9).  In essence, plaintiff argues that the subpoena

26   should be quashed because defense counsel failed to provide him with advance notice of the

27   subpoena and failed to set a reasonable compliance deadline.

28        Defendants oppose plaintiff's motion and dispute his assertions as to their alleged non-

United States District Court

For the Northern District of California

1    compliance with the Federal Rules of Civil Procedure and the court's Civil Local Rules.

2    Additionally, Charles Jung, counsel for Mr. Gray, filed a letter brief with the court stating his

3    client's position on the matter.  Finally, plaintiff submitted a number of evidentiary objections

4    to defense counsel's declaration filed in support of defendant's opposition.  Having considered

5    the moving and responding papers, the court finds that this flurry of filings appears to be "much

6    ado" about not much.

7         Preliminarily, the court finds that Civil Local Rule 7-11 was not an appropriate vehicle

8    for plaintiff's motion to quash.  His requested relief does not fall within the scope of

9    "miscellaneous administrative matters" governed by that rule.  *See* CIV. L.R. 7-11.

10        Plaintiff's papers indicate that he believed that use of Civil Local Rule 7-11 was

11   necessitated by the looming August 2, 2007 compliance date set the in defendants' subpoena

12   and by his desire to bring an immediate motion for protective order on Mr. Gray's behalf.

13   However, a party that is not the recipient of the subpoena has standing to challenge the

14   subpoena "only where its challenge asserts that the information is privileged or protected to

15   itself."  *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D. Nev. 1994).

16   Although it is conceivable, on the record presented, it is not readily apparent that plaintiff has

17   standing to object to the subpoena in the first instance.

18        At any rate, Mr. Gray has retained his own counsel and served his objections to the

19   subpoena.  That is sufficient to suspend his document production obligations for the time being.

20   *See* FED.R.CIV.P. 45(c)(2)(B) ("If objection is made, the party serving the subpoena shall not be

21   entitled to inspect, copy, test, or sample the materials or inspect, the premises except pursuant to

22   an order of the court by which the subpoena was issued.").  Should there be a continuing dispute

23   over the requested documents, Fed. R. Civ. P. 45 provides that "the party serving the subpoena

24   may, upon notice to the person commanded to produce, move at any time for an order to compel

25   the production, inspection, copying, testing, or sampling."  *Id*.  As for Gray's deposition

26   testimony, defense counsel has agreed to continue the August 2, 2007 date.  While Mr. Jung

27   contends that there are serious defects in the subpoena, he currently is consulting with Mr. Gray

28   to see if he will voluntarily appear for deposition.  In sum, there does not presently appear to be

1   a ripe dispute for the court to resolve.  The motion to quash is therefore denied without

2   prejudice.

3         To the extent plaintiff or Mr. Gray feel that it is necessary to bring a motion to protect

4   their interests as to defendants' subpoena, they may file a motion and notice a hearing date on

5   this court's calendar in compliance with the court's Civil Local Rules.  Plaintiff's motion for an

6   order setting a hearing date now on a prospective motion for protective order is denied.

7         Finally, the court notes that the parties might have avoided motions practice if they had

8   engaged in meaningful meet-and-confer efforts before the instant motion was filed.  Insofar as

9   they are currently negotiating over potential new deposition date(s), the parties and Mr. Gray

10  are encouraged to meet-and-confer in good faith and to pick dates and times that are mutually

11  agreeable to all.

12        IT IS SO ORDERED.

13  Dated:    August 2, 2007

14  _____

15  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1    **5:06-cv-4624 Notice has been electronically mailed to:**

2    Timothy Gray cjung@nassiri-jung.com

3    Charles Hyunchul Jung cjung@nassiri-jung.com

4    Patrick Cannon Kerwin pkerwin@msn.com, jmbattorney@yahoo.com

5    Wade Robertson c0604624@yahoo.com

6    **Counsel are responsible for delivering a copy of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4