**United States District Court**
For the Northern District of California

1

2

3                                              **\*E-FILED 11/13/2007\***

4

5

6

7                                          NOT FOR CITATION

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                         SAN JOSE DIVISION

11   WADE ROBERTSON,                              No. C06-04624 JF (HRL)

12                    Plaintiff,                  **ORDER (1) GRANTING IN PART AND
                                                  DENYING IN PART DEFENDANTS'**
13       v.                                       **MOTION TO COMPEL; (2) DENYING
                                                  DEFENDANTS' MOTION FOR**
14   SHIRAZ QADRI, AVENIR RESTAURANT              **SANCTIONS; AND (3) GRANTING IN
     GROUP, INC. and GREG ST. CLAIRE,**          **PART AND DENYING IN PART
                                                  PLAINTIFF'S MOTION FOR**
15                                                **PROTECTIVE ORDER**

16                    Defendants.
                                                  **[Re:  Docket Nos. 212, 216, 230]**
17   _____/

18         This is a tort action for alleged false imprisonment and false arrest stemming from a

19   dispute over a bar tab at Nola's Restaurant and Bar ("Restaurant") and subsequent events which

20   culminated in plaintiff's DUI arrest.  The Third Amended Complaint, the current and operative

21   pleading,[1] alleges diversity jurisdiction.  Plaintiff Wade Robertson is a California attorney who

22   is proceeding pro se.  According to the complaint, on the night in question, plaintiff had been a

23   patron at the Restaurant.  He claims that defendant Qadri, the Restaurant's general manager,

24   falsely imprisoned him for seventeen minutes at the bar.  The complaint further alleges that,

25   after plaintiff left the Restaurant, Qadri conducted a (false) citizen's arrest by summoning a

26   police officer and reporting that plaintiff was getting into a car to drive while intoxicated.

27   Defendants deny any wrongdoing.  According to them, plaintiff attempted to settle his final bill

28
     _____

          [1]    Defendants have moved to dismiss the Third Amended Complaint and
     plaintiff has filed motion seeking leave to file a Fourth Amended Complaint.  The parties
     report that the District Court has taken those matters under submission.

1    and discussed a discrepancy with Qadri.  They contend that plaintiff's subsequent arrest was the

2    consequence of his own decision to drive while intoxicated.  Plaintiff denies having consumed

3    any alcohol.  He advises that the state court has set the trial on the criminal charges against him

4    for December 3, 2007.

5         The genesis of the discovery dispute presently before this court is a July 20, 2007 order

6    in which the District Court granted in part and denied in part (without prejudice) plaintiff's

7    motion to stay the instant action in view of the ongoing criminal proceedings.  That order

8    provides, in relevant part:

9              Plaintiff's motion for a stay will be granted in part and denied
       in part without prejudice.  The Court hereby stays discovery propounded
10     by Defendants that seeks to elicit testimony by Plaintiff, whether oral or
       written, that would implicate Plaintiff's constitutional rights in the ongoing
11     prosecution in state court.  Discovery may otherwise proceed.  The Court
       notes that Plaintiff's right to this stay is not absolute and that the stay is not
12     permanent.  Accordingly, at the hearing on September 14, 2007, the parties
       should be prepared to update the Court on the status of discovery and of the
13     state court prosecution.

14   (July 20, 2007 Order, Docket No. 181 at 2:16-22).  The parties agree that the order does not

15   preclude all discovery of plaintiff at this time.  Indeed, as indicated at oral argument, this court

16   reads the order as permitting defendants to proceed with any discovery of plaintiff, so long as it

17   does not impact his constitutional rights.

18        However, the parties dispute whether any of the discovery defendants now seek from

19   plaintiff implicates his constitutional rights with respect to the ongoing criminal prosecution.

20   Plaintiff contends, in essence, that all issues in the instant civil action are so intertwined with

21   the subject matter of the criminal prosecution that, notwithstanding what the District Court's

22   order says, all discovery of him should be stayed pending the completion of his criminal trial.

23   He argues that the discovery at issue could, either directly or indirectly, implicate his Fifth

24   Amendment privilege against self-incrimination, as well as his Sixth Amendment right to

25   counsel.  Defendants argue that plaintiff is impermissibly stretching the partial stay of discovery

26   to a blanket stay encompassing information that does not implicate his constitutional rights.

27        Defendants now move to compel plaintiff to answer interrogatories (Interrogatory Nos.

28   1-3 and 5-19) and to produce documents (Document Request Nos. 1-10).  They have also filed a

**United States District Court**
For the Northern District of California

separate motion for sanctions for failure to respond to this discovery. Plaintiff moves for a protective order precluding defendants from deposing him until after his criminal trial is complete. Defendants also renew their request for the appointment of a special master (with costs to be split by both sides). After briefing on the instant motions was completed, the Lewis, Brisbois, et al. law firm substituted into the case as defense counsel of record.

Because there is considerable overlap between the arguments made in the parties' respective motions, all motions are addressed together in this order. Upon consideration of the moving and responding papers,[2] as well as the arguments presented at the November 6, 2007 hearing, the court orders as follows:

1. Preliminarily, plaintiff argues that defendants' motions should be denied because they failed to conduct any meaningful meet-and-confer negotiations beforehand. The record presented indicates that there was an exchange of letters and at least one phone call. Generally, if the court were to find that negotiations were insufficient, it would defer consideration on the motion and direct the parties to meet-and-confer on the issues. Here, although the parties' discussions on the discovery issues do not appear to have been very productive, given the nature of the instant discovery dispute, this court does not believe that further meet-and-confer negotiations would have been fruitful. It declines to deny defendants' motions on this basis.

2. Defendants' motion to compel interrogatory answers is GRANTED IN PART AND DENIED IN PART as follows:

a. The motion is GRANTED as to Interrogatory Nos. 1-3 and 16, which seek underlying facts, documents, knowledgeable persons and witnesses re plaintiff's false imprisonment claim. Plaintiff has not convincingly shown that his answers to these questions will implicate – either directly or indirectly – his constitutional rights in the ongoing criminal proceedings. He argues that any testimony by defendant Qadri about the alleged false

---

[2] Plaintiff objects to several statements made in the declarations of attorney Patrick Kerwin, as well as to the declaration (and attached report) of Officer Ryan. Plaintiff contends that the statements are argumentative, lack foundation, lack support in the record, and are hearsay. The court agrees that several of the statements at issue are argumentative and conclusory. Additionally, the court does not find Officer Ryan's declaration and report to be relevant to the resolution of the issues under consideration. It has not considered these matters in ruling on the instant motion.

United States District Court

For the Northern District of California

1    imprisonment could be used in the criminal prosecution against him (*e.g.*, if Qadri were asked

2    to testify whether he believed that plaintiff was intoxicated at the time of the alleged false

3    imprisonment).  Further, plaintiff argues that his constitutional rights could be implicated

4    because the alleged false imprisonment took place only minutes before his alleged false arrest.

5    However, the interrogatories at issue seek information from plaintiff, not Qadri.  Moreover, on

6    the record presented, this court is not convinced that the temporal proximity between the

7    alleged false imprisonment and alleged false arrest is sufficient to conclude that the discovery in

8    question could implicate plaintiff's constitutional rights.

9        b.      The motion is GRANTED as to Interrogatory Nos. 7-10 which seek information

10   underlying plaintiff's claim for damages; however, these interrogatories shall be limited, for the

11   time being, to claimed damages pertaining to the false imprisonment claim.  Defendants'

12   motion to compel answers to these interrogatories is otherwise denied without prejudice.

13   Plaintiff shall serve his answers to these interrogatories **no later than November 23, 2007**.

14       As discussed above, plaintiff has not convincingly demonstrated that information

15   pertaining to his false imprisonment claim implicates – directly or indirectly – his constitutional

16   rights in the ongoing criminal proceeding.  At oral argument, he acknowledged that it would be

17   okay for defendants to conduct discovery now on damages not involving fees paid to his

18   criminal defense attorney.  On the record presented, it is not apparent that such fees would be

19   implicated as to the alleged false imprisonment.  Nevertheless, to the extent plaintiff claims

20   these fees as part of his damages for the alleged false imprisonment, he may exclude them from

21   his answers for now.

22       c.      The motion is GRANTED as to Interrogatory Nos. 11-14 which seek information

23   about plaintiff's background – e.g., his employment history, areas of law practice, and litigation

24   experience.  These questions are relevant or reasonably calculated to lead to admissible

25   evidence about plaintiff's claimed lost wages (a reported component of his damages claim).

26   Plaintiff has not convincingly demonstrated that these questions implicate his constitutional

27   rights.  Plaintiff shall serve his answers to these interrogatories **no later than November 23,**

28   **2007**.

4

**United States District Court**
For the Northern District of California

1    d.      The motion is DENIED without prejudice as to Interrogatory Nos. 5, 6 and 17

2   (re false arrest claim), 15 (identity of all persons who accompanied plaintiff to the dinner party

3   from April 27 through April 28, 2006); and 18 (the identity of the private investigator who

4   spoke with defendant Qadri).  At oral argument, defendants agreed to pass, for now, on

5   questions pertaining to plaintiff's false arrest claim.  Insofar as defendants are being permitted

6   to proceed with discovery as to witnesses and knowledgeable persons re plaintiff's false

7   imprisonment claim (Interrogatory No. 16), the court does not find that they will be prejudiced

8   if their motion is denied as to Interrogatory No. 15, which appears to encompass all events on

9   the night in question.  In any event, these interrogatories appear to seek information that is

10  intertwined with the ongoing criminal matter.  It is not difficult to conceive how these questions

11  could lead to information that would implicate plaintiff's constitutional rights in that case.

12   e.      The motion is DENIED as to Interrogatory 19 which seeks information about an

13  entirely separate incident underlying plaintiff's previously asserted claims for assault and

14  emotional distress.  Those claims have been dismissed, and this court is unpersuaded that the

15  requested information is relevant under Fed.R.Civ.P. 26(b)(1).

16   3.      Defendants' motion to compel the production of documents is GRANTED IN

17  PART AND DENIED IN PART as follows:

18   a.      The motion is GRANTED as to Document Request Nos. 1-2 and 4-7 concerning

19  plaintiff's false imprisonment claim and any damages pertaining to that claim.  As discussed

20  above, this court does not find that the requested information implicates plaintiff's

21  constitutional rights.  Insofar as these requests may be construed as seeking information beyond

22  plaintiff's false imprisonment claim, the motion is denied without prejudice.  Plaintiff shall

23  produce all responsive, non-privileged documents no later than **November 23, 2007**.

24   b.      The motion is DENIED without prejudice as Document Request Nos. 3, 8, 9 and

25  10, which seek documents relating to plaintiff's false arrest claim, expert witnesses retained in

26  his criminal action, videotapes subpoenaed from local business establishments in Palo Alto and

27  all police reports relating to plaintiff's arrest.  This court finds that the requested discovery

28  could implicate plaintiff's constitutional rights in the ongoing criminal proceedings.

**United States District Court**
For the Northern District of California

1     4.     Plaintiff objected to several of defendants' requests on the ground that they are

2   "close-ended."  That is, he expresses concern that defendants seek "an absolute close-ended

3   answer while discovery is still ongoing that may lead to additional information and it further

4   precludes the possibility that some information may exist for which Plaintiff cannot become

5   aware, even through discovery."  (*See, e.g.,* Defendants' Local Rule 37-2 Statement (Plaintiff's

6   response to Interrogatory No. 2)).  Plaintiff is advised that he obliged to answer based upon

7   information that is known to him, and supplementation of discovery responses is governed by

8   Fed.R.Civ.P. 26(e).

9     5.     If any responsive information is withheld as privileged, plaintiff shall provide

10  defendants with a privilege log sufficient to enable them to assess the asserted privilege or

11  protection.  *See* FED.R.CIV.P. 26(b)(5).  However, he will not be obliged to log responsive

12  communications, if any, with his criminal defense attorney.  The privilege log shall be served

13  **no later than November 23, 2007**.

14    6.     Defendants' motion for sanctions is denied.  Under the circumstances presented,

15  this court does not find that sanctions are warranted.

16    7.     Plaintiff's motion for protective order is GRANTED IN PART AND DENIED

17  IN PART as follows:

18    a.     Plaintiff's deposition shall be scheduled only after his criminal trial is complete.

19  The court finds that efficiency will be best served if plaintiff's deposition is not conducted

20  piecemeal before and after his criminal trial; and, the court does not find plaintiff's proposal to

21  be deposed now by written interrogatories to be a viable or practical solution.  In any event,

22  defendants have not demonstrated that they will be prejudiced.  Plaintiff agrees to make himself

23  available for deposition after his criminal trial is complete, and the parties are facing no

24  discovery deadlines or trial dates in the instant action.

25    b.     Plaintiff also requests that attorney Patrick Kerwin be precluded from deposing

26  him and from being in the same room as him in any deposition taken in the instant action.  At

27  oral argument, the court indicated that this issue apparently is moot because Kerwin has

28  substituted out of the case.  Indeed, the court's docket indicates that he has been terminated.

United States District Court

For the Northern District of California

1   Plaintiff nonetheless contends that defendants have not completed all formal requirements to

2   complete Kerwin's termination as counsel of record.  Further, he expresses concern that

3   defendants will have Kerwin present at depositions in this case, whether or not he is counsel of

4   record.  At the motion hearing, defense counsel indicated that Kerwin is no longer representing

5   defendants and that they will take all necessary steps to finalize his termination from this action.

6   Further, defendants stipulated that, given the highly contentious relationship between Kerwin

7   and plaintiff, it is neither necessary nor desirable to have Kerwin present at any depositions in

8   this action.  In view of defendants' representations to this court, plaintiff's request is denied as

9   moot.

10          8.      Defendants renew their request for the appointment of a special master to

11  oversee the remainder of discovery in the instant lawsuit.  As discussed at the motion hearing,

12  had attorney Kerwin not substituted out of the case, this court would give serious consideration

13  to this request, with the costs to be split by both sides.  However, in view of the recent

14  substitution of counsel, defendants' request is denied without prejudice.

15          IT IS SO ORDERED.

16  Dated:   November 13, 2007

17

18                                              HOWARD R. LLOYD
                                                UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

7

**5:06-cv-4624 Notice electronically mailed to:**

A. Leslie Mark Gammill lmg@kerwinlaw.com

Timothy Gray cjung@nassiri-jung.com

Charles Hyunchul Jung cjung@nassiri-jung.com

Patrick Cannon Kerwin pck@kerwinlaw.com

Wade Anthony Robertson c0604624@yahoo.com

**Counsel are responsible for delivering a copy of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**United States District Court**
For the Northern District of California