**\*E-FILED 1/17/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WADE ROBERTSON, | No. C06-04624 JF (HRL) |
| Plaintiff, | **ORDER (1) GRANTING IN PART MOTION FOR PROTECTIVE ORDER BY PALO ALTO AND DAN RYAN AND (2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS, WITH ADDENDUM** |
| v. | |
| SHIRAZ QADRI, AVENIR RESTAURANT GROUP, INC. and GREG ST. CLAIRE, | |
| Defendants. | **[Re: Docket Nos. 280 and 284]** |

## I. BACKGROUND

This is a tort action for false imprisonment and false arrest stemming from a dispute over a bar tab at Nola's Restaurant in Palo Alto and the immediately following events culminating in Plaintiff's arrest for DUI by the Palo Alto Police. Plaintiff alleges that when he was leaving Nola's he was falsely imprisoned at the bar for 17 minutes. Then, immediately after he left, defendant Qadri (Nola's manager) conducted a (false) citizen's arrest by hailing a policeman and reporting that Robertson was about to drive a vehicle while intoxicated. Defendants deny any wrongdoing (arguing, for example, that the 17 minutes was the time it took to straighten out the bar tab in Robertson's favor), and that Plaintiff is simply looking for a scapegoat for the consequences of his bad judgment to drive after drinking. (Robertson denies any consumption of alcohol that evening.) Robertson's DUI trial has been set, then reset, a

number of times. Reportedly, a setting hearing is on for next week.

Plaintiff subpoenaed for deposition in this case Palo Alto Police Agent Dan Ryan, the DUI arresting officer. Palo Alto produced him, but limited examination to Ryan's education, his background, and the brief declaration he signed in this (civil) case purporting to authenticate the DUI police reports. Ryan was not allowed by Palo Alto to testify about his observations or activities with respect to the car stop, roadside tests, or arrest of Robertson.

Before this court now are interrelated motions. Palo Alto and Ryan move for a protective order precluding further deposition of Ryan until after Robertson's criminal case is over (including any appeal). Robertson moves for monetary sanctions for having to oppose the protective order motion as well as for the "suspension, delay, and re-adjournment" of the Ryan Deposition.[1]

## II. DISCUSSION

Palo Alto and Ryan argue that it is hornbook law that a party cannot use the liberal rules in civil discovery to circumvent the stiff restrictions on criminal discovery:

> A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

Without squarely challenging the so-called hornbook law, Robertson argues that he wants Ryan's testimony for his civil suit, and – since Ryan has, in effect, injected himself into the civil suit by providing a declaration about the police report – he should be fair game for a probing civil deposition.

Nevertheless, it is surely self-evident that, regardless of Plaintiff's motivation, Ryan's sworn testimony about the arrest is highly relevant to the criminal case. Indeed, Robertson himself substantially acknowledged as much when, in papers filed in an earlier motion, he

---

[1] Robertson made a number of evidentiary objections to Palo Alto's papers, and both sides requested (or objected) to judicial notice of certain matters. These will be dealt with in the Addendum to this Order.

argued that all issues in the civil case are intertwined with the subject matter of the criminal case. Obtaining the testimony of Ryan in advance of the criminal trial would give Robertson a distinct advantage over the prosecution since (1) the prosecution cannot obtain Robertson's testimony about the arrest, and (2) neither can the defendants in this civil case at this time.[2]

In *Campbell, supra*, the court examined the policy reasons for limiting discovery in criminal cases and cited with approval a law review article that offered three reasons for the limitations: (a) to minimize the criminal defendant's opportunity to manufacture evidence or commit perjury; (b) to avoid revealing confidential informants, and (c) to strike a fair balance since the prosecution cannot get broad discovery from defendant (*i.e.*, cannot compel defendant to testify either before or at trial). Neither (a) or (b) is implicated is the present case, but (c) seems right on point. Quoting the article, the *Campbell* court said: "The validity of each of these objections [to broad criminal discovery] must be appraised in each of the situations in which the defendant may seek discovery and must be weighed against the importance to the defendant of the disclosure." *Campbell*, 307 F.2d at 487 n.12.

With the teaching of the *Campbell* opinion in mind, this court asked Robertson at the hearing if he would suffer any prejudice in the civil suit if his deposition of Ryan was delayed until after his DUI trial. All he could suggest was that he wanted to pin down Ryan's testimony before he finished Qadri's deposition or deposed other (unnamed) persons. This argument, however, does not convince because Plaintiff is under no pressure to take these other depositions any time soon. He can wait until after the trial, then finish Ryan's deposition, and then depose these others. There is no cutoff date on discovery and no trial date. Indeed, the pleadings are not yet settled (defendants have a pending motion to dismiss the third amended complaint; plaintiff has a pending motion to file a fourth amended complaint).

In summary, after weighing competing legitimate interests and possible prejudice, this court concludes that Ryan's deposition should not be resumed until after the conclusion of the

---

[2] *See* July 20, 2007 Order, Docket No. 181 at 2:17-19) ("The Court hereby stays discovery propounded by Defendants that seeks to elicit testimony by Plaintiff, whether oral or written, that would implicate Plaintiff's constitutional rights in the ongoing prosecution in state court."); *see also* this court's November 13, 2007 Order (Docket No. 278).

3

criminal case at the trial court. The argument of Palo Alto and Ryan that a stay should run until after conclusion of an appeal of the criminal case is rejected.

### III.  ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. A protective order with respect to the conclusion of the deposition of Agent Ryan is granted and that deposition is stayed until the trial court completion of the Robertson criminal matter; and

2. Robertson's motion for sanctions is denied.

Dated: January 17, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM**

1. <u>Docket #296 Plaintiff's Request for Judicial Notice</u>: Granted

2. <u>Docket #297 Plaintiff's Request for Judicial Notice</u>: Granted

3. <u>Docket #298 and 299 Plaintiff's Objections to the Declarations of Donald Larkin</u>:

   Plaintiff objects to certain specific portions of the declarations on one or more of the grounds of lacking in foundation, speculative, argumentative, no personal knowledge, conclusory, or hearsay. In net effect, Plaintiff claims that some of Larkin's declarations were really argument in disguise. Some portions were. However, this court's ruling on the two motions at hand does not depend on whether the challenged portions of Larkin's declarations were properly authenticated and admissible "testimony" or whether they were nothing more than argument. The court appreciated what was argument and considered the declarations for what they were worth.

4. <u>Docket #300 Palo Alto's Objection to Plaintiff's Request for Judicial Notice (Docket #297)</u>: Denied.

5. <u>Docket #301 Plaintiff's Supplemental Request for Judicial Notice</u>: Granted.

6. <u>Docket #302 Plaintiff's Objection to Palo Alto's Opposition to his Request for Judicial Notice (Docket #300)</u>: Overruled.

7. <u>Docket #303 Plaintiff's Objection to Palo Alto's Reply Memorandum (#293)</u>: Overruled. *See* Fed.R.Civ.P. 6(a).

**5:06-cv-4624 Notice electronically mailed to:**

Peter Dixon dixon@ldbb.com

Timothy Gray cjung@nassiri-jung.com

Charles Hyunchul Jung cjung@nassiri-jung.com

Donald Alan Larkin Donald.Larkin@cityofpaloalto.org, carolyn.shannon@cityofpaloalto.org

Wade Robertson c0604624@yahoo.com

Wade Anthony Robertson c0604624@yahoo.com

Shannon Kathryne White white@lbbslaw.com

**Counsel are responsible for delivering a copy of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.