**E-Filed 3 /25/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WADE ROBERTSON,<br><br>               Plaintiff,<br><br>     v.<br><br>SHIRAZ QADRI, AVENIR RESTAURANT GROUP, INC. and GREG ST. CLAIRE,<br><br>               Defendants. | Case Number C 06-04624 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION, DENYING MOTION FOR LEAVE TO AMEND, AND TERMINATING REMAINING MOTIONS AS MOOT<br><br>[re: docket nos. 105, 110, 123, 136, 152] |

     Defendants move to dismiss the instant action for lack of subject-matter jurisdiction. Plaintiff moves: (1) for leave to file a fourth amended complaint; (2) for sanctions; and (3) to stay the action, or, in the alternative, for a protective order. Each motion is opposed. The Court heard oral argument on the motions on July 20, 2007 and September 14, 2007.  For the reasons set forth below Defendants' motion to dismiss for lack of subject-matter jurisdiction will be granted, and Plaintiff's motion for leave to amend and motion for sanctions will be denied.  The remaining motions will be terminated as moot.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-04624 JF
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING MOTION FOR LEAVE TO AMEND AND TERMINATING REMAINING MOTIONS AS MOOT
(JFLC1)

## I. BACKGROUND

On July 20, 2007, the Court heard oral argument on Defendant's motion to dismiss for lack of subject-matter jurisdiction and Plaintiff's motion for leave to file a fourth amended complaint, motion for sanctions, and motion to stay the action, or, in the alternative, for a protective order. At the time of that hearing, Plaintiff's motion for leave to amend did not include proposed amended complaint. Accordingly, the Court deferred consideration of the motion to dismiss and the motion to amend pending Plaintiff's submission of a proposed pleading.

Plaintiff's motion to stay was granted in part and denied in part without prejudice. The Court stayed discovery that would implicate Plaintiff's constitutional rights in the underlying state criminal action but otherwise permitted discovery to proceed. On September 14, 2007, the Court requested supplemental briefing with respect to the issue of Plaintiff's domicile. On October 2, 2007, the Court heard oral argument on the motion for sanctions.

## II. DISCUSSION

**1. Leave to File a Fourth Amended Complaint**

Plaintiff moves for leave to file a Fourth Amended Complaint. The request for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely given when justice so requires." In deciding whether to grant leave to amend, the Court will consider several factors, including: (1) undue delay by the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of amendment; and (5) whether the party previously has amended its pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.*; *see also Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993). Here, the Court concludes that Plaintiff's proffered amendment fails to stat a cognizable federal claim and thus would be futile. In light of the many opportunities Plaintiff has had to amend his complaint, the motion will be denied.

"[W]here [a] proposed amendment is insufficient in law and would thus be a useless act,

2

Case No. C 06-04624 JF
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING MOTION FOR LEAVE TO AMEND AND TERMINATING REMAINING MOTIONS AS MOOT (JFLC1)

it is proper . . . to deny leave to amend." *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978). A proposed amendment is insufficient or "futile" if "there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense . . . ." *Id.*; *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Plaintiff's proposed Fourth Amended Complaint seeks to add one new claim for relief under 42 U.S.C. § 1983 against Defendants Qadri and St. Claire.[2] In support of this claim, Plaintiff alleges that "Defendant Qadri willingly acted in conspiracy, or agreement, or concerted action with Officer Dan Ryan of the Palo Alto Police Department (State of California), towards a common goal to falsely arrest and/or falsely imprison Plaintiff under California state law." Fourth Amended Complaint at ¶ 44.

A plaintiff seeking to hold private individuals liable under § 1983 must allege a conspiracy with some party acting under the color of state law. *Todd v. City of Natchitoches*, 238 F. Supp.2d 793, 803 (W.D. La. 2002). Conclusory allegations of conspiracy do not satisfy this requirement and are insufficient to survive a challenge at the pleading stage. *Rivoli v. Gannett Co.*, 327 F. Supp. 2d 233, 239 (W.D.N.Y. 2004). Rather, "the facts that are pleaded must provide a basis for a reasonable inference of state action, for the Court is not obliged to draw unreasonable inferences in plaintiff's favor or to accept plaintiff's conclusions of law." *Id.*

> The investigating and reporting of a suspected criminal activity by various people does not amount to a conspiracy; the court looks for a genuine actual issue of concerted activity toward an unlawful objective. Diffuse and expansive allegations are insufficient, and complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights will generally be dismissed
>
> . . . A claim that private individuals conspired with government officials under color of state law must be supported by specific factual allegations in the complaint. Bald and conclusory allegations that private parties acted in concert with state officials to deprive the plaintiffs of constitutional rights will not defeat a motion to dismiss; some factual basis supporting the existence of a conspiracy must be pleaded. In the absence of a sufficiently pleaded conspiracy claim or a genuine factual issue of conspiracy between private parties and state actors, the private individuals are not acting under color of state law for purposes of § 1983

---

[2] Additionally, pursuant to 42 U.S.C. § 1988 Plaintiff seeks attorneys fees in connection with this claim.

3

Case No. C 06-04624 JF
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING
MOTION FOR LEAVE TO AMEND AND TERMINATING REMAINING MOTIONS AS MOOT
(JFLC1)

by virtue of the conspiracy claim.

Moore, Fed. Proc., Civil Rights § 11:329 (footnotes omitted). "[T]o establish a conspiracy under Section 1983, the plaintiff must show that defendants had a unity of purpose, common design, and understanding, or meeting of the minds in an unlawful arrangement to violate the plaintiff's constitutional rights." *Rivoli*, 327 F. Supp. 2d at 239 (internal citations omitted).

Plaintiff 's Fourth Amended Complaint does not contain the allegations required to make a valid and sufficient claim against a private individual under §1983. Plaintiff claims conclusively that "Defendant Qadri, individually and in concert with Officer Dan Ryan, acted maliciously, wantonly, unlawfully, willfully, knowingly and with the specific intent to deprive Plaintiff of his rights of freedom from illegal searches and seizure . . ." Fourth Amended Complaint at ¶ 46. However, "it is not enough for the plaintiff to allege that the [private and state] defendants merely acted in concert or with a common goal. There must be allegations that the defendants had directed themselves towards an unconstitutional action by virtue of a mutual understanding." *Todd*, 238 F. Supp. 2d at 802 (internal citations and quotations omitted); *see also Carey v. Cont'l Airlines*, 823 F.2d 1402 (10th Cir. 1987) (finding that a citizen's arrest followed by police arrest did not constitute conspiracy); *Myers v. Morris*, 810 F.2d 1437 (Minn. 1987) (rejecting "unsupported allegations of malice" as insufficient to establish conspiracy). Plaintiff also alleges that "[e]mployer Defendant, or St. Claire, or both, acquiesence [sic] to or ratified the wrongful conduct of Defendant Qadri against Plaintiff *after* the events described herein occurred." Plaintiff's Renewed Motion for Leave to File Fourth Amended Complaint at ¶ 51. This allegation undermines the argument that there was a meeting of the minds between Qadri and state actors prior to Plaintiff's arrest.

"A district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin*, 59 F.3d at 845 (citing *Allen v. City of Beverly Hills*, 911 F.2d 376, 374 (9th Cir. 1990)). "At some point, a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible

4

Case No. C 06-04624 JF
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING MOTION FOR LEAVE TO AMEND AND TERMINATING REMAINING MOTIONS AS MOOT
(JFLC1)

1  grounds for relief and should be considered." *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

**2.    Jurisdiction**

   a.    <u>Diversity Jurisdiction</u>

Plaintiff asserts that this Court has subject-matter jurisdiction not only under § 1983 but also on the basis of diversity of citizenship. Having reviewed the parties' supplemental briefs the Court concludes that citizenship is not diverse.

> Federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of [$75,000], exclusive of interest and costs, and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. *See, e.g., Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.1983); *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir.1980). Our cases have established several principles to guide this inquiry. First, the party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir.1961). Second, a person is "domiciled" in a location where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir.1940) (quoting *Pickering v. Winch*, 48 Or. 500, 87 P. 763, 765 (1906)); 1 J. Moore, Moore's Federal Practice ¶ 0.74(3.-3), at 707.58-60 (1985) . . . . Third, the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. *Hill*, 615 F.2d at 889.

*Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

> A Rule 12(b)(1) jurisdictional attack[3] may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000) (citation omitted). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. . . .
> In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003) (*citing White*, 227 F.3d at 1242). The court need not presume the truthfulness of the plaintiff's allegations. *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.

---

[3] Defendants bring their motion under Fed. R. Civ. P. 12(h)(3) because they already have answered the Complaint. The parties agree that the standard under Rule 12(h)(3) is the same as under Rule 12(b)(1).

5

Case No. C 06-04624 JF
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING MOTION FOR LEAVE TO AMEND AND TERMINATING REMAINING MOTIONS AS MOOT
(JFLC1)

1 *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).[4]

2    To invoke this Court's diversity jurisdiction, Plaintiff must establish that he is domiciled in a state other than California. Plaintiff contends that he is a citizen of and domiciled in the state of Tennessee. He alleges that on the date of filing of this action, he "had and maintained residences in four states – New York, the District of Columbia, Tennessee, and California," was registered to vote in Tennessee and had a Tennessee driver's license, registered his only automobile in Tennessee, had bank accounts only in New York and the District of Columbia, and is single, self-employed, and has no ownership interest in real property. Wade Robertson Decl. ¶¶ 4-10. Plaintiff also asserts that at the time he filed this action, he was licensed to practice law in California and the District of Columbia, and that while he was present in California, he intended to return to Tennessee. *Id.* at ¶¶ 11-12.

Plaintiff also provides a series of supporting declarations. Plaintiff's father, who lives in Tennessee, asserts that he is a co-owner of the automobile registered in Plaintiff's name in Tennessee.[5] Jon Robertson Decl. ¶ 5. Won-Gil Choe, the founder of Plaintiff's client the Stanford Venture Group, asserts that the organization is at the proposal stage only, that Plaintiff

---

[4] Plaintiff suggests that the Court must hold an evidentiary hearing if it wishes to consider a factual attack. Plaintiff bases this suggestion on a citation to *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001), in which the Ninth Circuit indicated that "[b]ecause no evidentiary hearing was held, [it] accept[ed] as true the factual allegations in the complaint." However, the Ninth Circuit also stated in the same case that it "review[s] the decision whether to conduct an evidentiary hearing for abuse of discretion." *Id.* at 910. This language indicates that the district court has discretion whether to hold an evidentiary hearing and that the holding in *McLachlan* doe not affect the scope of the district court's review of a factual challenge to diversity jurisdiction. *See Rosales v. United States*, 824 F.2d 799, 802-03 (9th Cir. 1987) ("A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits.").

[5] Jon Robertson also asserts that "Wade Robertson has repeatedly, expressly stated to me that he maintains his *permanent domicile* in the city of Memphis, in the state of Tennessee and he as made these express statements prior to July 28, 2006 and he has made them again (repeatedly) since that time and to the present date." Jon Robertson Decl. ¶ 4. To the extent that this statement is introduced to prove the location of Plaintiff's domicile, it is inadmissible hearsay. Similar statements in the other supporting declarations likewise are inadmissible hearsay.

6

Case No. C 06-04624 JF
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING MOTION FOR LEAVE TO AMEND AND TERMINATING REMAINING MOTIONS AS MOOT
(JFLC1)

never has been an employee of the Stanford Venture Group, that Plaintiff had no contact with the Stanford Venture Group prior to the filing of this action and that Plaintiff currently is an outside counsel, not the general counsel, of the Stanford Venture Group. Choe Decl. ¶¶ 4-10. Vladamir Kholunov asserts that he rents limited residential and small home-office space in the District of Columbia to Plaintiff and that he has retrieved mail for Plaintiff delivered to that address. Kholunov Decl. ¶¶ 4-5, 7. Ray Connolly asserts that he has rented limited residential and small home-office space in New York to Plaintiff, and that he has retrieved mail for Plaintiff delivered to that address. Connolly Decl. ¶¶ 4-5, 7. Finally, Plaintiff himself declares that he voted via absentee ballot in Tennessee in 2000, 2004 and 2006.

In response to Plaintiff's evidence, Defendants submit the declaration of their attorney, Patrick Kerwin, with accompanying exhibits. These exhibits include a tax record for the Tennessee property belonging to Plaintiff's parents, Plaintiff's California Bar information, information from the Stanford Venture Group website, and a record of Plaintiff's prior addresses from the Westlaw "People Finder" service.[6] Most significantly, the "People Finder" document suggests that since September 2001, Plaintiff's address of record with at least one credit reporting agency was in Palo Alto, California. Also of note, the California Bar record shows that Plaintiff was admitted to practice in California in 2001; Plaintiff does not assert that he is licensed to practice law in Tennessee. Notwithstanding the evidentiary objections asserted in his papers, Plaintiff conceded at oral argument that the information contained in Exhibit B (Plaintiff's Bar record) and Exhibit D (Plaintiff's address) to the Kerwin declaration are correct. In light of these admissions, Plaintiff's lack of a Tennessee law license that would allow him to return and practice there, and Plaintiff's overall failure to provide any detailed information about how and where he spends the majority of his time, the Court concludes that Plaintiff has failed to carry his burden of establishing diversity of citizenship.

In the exercise of its discretion, the Court declines to hold an evidentiary hearing.

---

[6] Plaintiff objects to the Court's consideration of these exhibits and to a large portion of the Kerwin declaration.

7

Case No. C 06-04624 JF
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING MOTION FOR LEAVE TO AMEND AND TERMINATING REMAINING MOTIONS AS MOOT
(JFLC1)

1 Plaintiff offers no explanation as to what information he would elicit at an evidentiary hearing
2 that he could not have provided to the Court in his declaration.  The Court also will deny
3 Plaintiff's request for additional discovery.  Discovery is necessary in connection with a factual
4 attack on subject matter jurisdiction "only if it is possible that the plaintiff can demonstrate the
5 requisite jurisdictional facts if afforded that opportunity." *St. Clair v. City of Chico*, 880 F.2d
6 199, 202 (9th Cir. 1989).  Discovery is not required if a plaintiff can provide no explanation why
7 he did not undertake such discovery previously.  *Id.*  Here, Plaintiff seeks discovery into voter
8 registration records, bank records, and additional third-party testimony.  Plaintiff has access to or
9 otherwise can testify to the contents of his voter registration and bank records.  Plaintiff fails to
10 identify the third-parties whose testimony he would introduce, and he does not explain why he
11 could not have secured their testimony previously or what additional information this would
12 produce.  Because Plaintiff has had an adequate opportunity "to develop and argue the facts in a
13 manner that is adequate in the context of the disputed issues and evidence," *id.*, additional
14 discovery is not required.

15       b.      Federal Question Jurisdiction

16       Plaintiff has asserted two federal claims in this action.  One, a claim for declaratory
17 judgment, was dismissed by the Court on October 26, 2006.  The other the claim for relief under
18 42 U.S.C. § 1983 asserted in Plaintiff's proposed Fourth Amended Complaint, is disposed of by
19 this order.  Accordingly,   no federal claims remain before the Court.  Because neither diversity
20 nor federal question jurisdiction is present, dismissal for lack of subject-matter jurisdiction is
21 appropriate.

22 3.    **Motion for Sanctions**

23       Plaintiff moves for sanctions of default judgment and for attorney discipline against
24 Defendants' counsel.  Plaintiff seeks these sanctions in connection with dispute concerning the
25 correction of deposition testimony in a deposition that has yet to be completed and an apparent
26 interaction with the assistant district attorney responsible for prosecuting Plaintiff in state court.
27 The Court has reviewed Plaintiff's submission carefully and perceives no evidence of
28

8

Case No. C 06-04624 JF
ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING
MOTION FOR LEAVE TO AMEND AND TERMINATING REMAINING MOTIONS AS MOOT
(JFLC1)

1  sanctionable conduct, let alone conduct meriting terminating sanctions.  Similarly, it will not

2  discipline counsel for Defendants.[7]

3  **4.     Motion to Stay Action or, in the Alternative, for Protective Order**

4         In light of the foregoing Plaintiff's remaining motions will be terminated as moot.

6                               **III.  ORDER**

7       Good cause therefor appearing, IT IS HEREBY ORDERED that:

8            1.    Plaintiff's motion for leave to amend is DENIED.

9            2.    Defendants' motion to dismiss for lack of subject matter

10                 jurisdiction is GRANTED.

11           3.    Plaintiff's motion for sanctions is DENIED.

12           4.    Plaintiff's motion for a stay, or in the alternative, for a protective

13                 order is TERMINATED as moot.

15  DATED: March 25, 2006

                                    _____
                                    JEREMY FOGEL
                                    United States District Judge

---

[7] Plaintiff also moves for sanctions based on Defendants' argument distinguishing a case cited in Plaintiff's moving papers, *Hambleton Bros. Limber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217 (9th Cir. 2005).  Defendants argued that *Hambleton* was distinguishable because in that case the party seeking to make changes to deposition testimony did so after the deposition had actually been completed and only after the opposing party had filed a motion for summary judgment and also because the deponent failed to provide an explanation for the changes as requried under Rule 30(e).  These are legally permissible arguments, and the Court will not sanction Defendants for having raised them.

This Order has been served upon the following persons:

Patrick Cannon Kerwin        pkerwin@msn.com, jmbattorney@yahoo.com

Notice will be delivered by other means to:

Wade Robertson
Post Office Box 20185
Stanford, CA 94309