1

** E-filed 1/21/09**

2

3

4

5

6

7

8

## IN THE UNITED STATES DISTRICT COURT

9

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

10

11

12

| | |
|---|---|
| WADE ROBERTSON, | Case Number C 06-4624 JF (HRL) |
| Plaintiff, | ORDER[1] DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO VACATE AWARD OF COSTS |
| v. | |
| SHIRAZ QADRI, AVENIR RESTAURANT GROUP, INC. and GREG ST. CLAIRE, | [Re: docket nos. 310, 315, 317] |
| Defendants. | |

13

14

15

16

17

18

19

20

## I.  BACKGROUND

21

On July 28, 2008, following his arrest on April 28, 2006 for driving under the influence

22

of alcohol, Plaintiff Wade Robertson ("Robertson") commenced this action against Shiraz Qadri,

23

("Qadri"), Avenir Restaurant Group, Inc., and Greg St. Claire ("Defendants").  Robertson alleges

24

that Qadri, a waiter at Nola's Restaurant and Bar, unlawfully confined him at the restaurant and

25

conspired with a police officer to have him unlawfully arrested.

26

27

[1] This disposition is not designated for publication in the official reports.

28

1    Following substantial motion practice, Robertson filed a third amended complaint on

2 March 19, 2007, asserting state law claims for false imprisonment and false arrest. On May 29,

3 2007, Defendants moved to dismiss that complaint for lack of subject-matter jurisdiction,

4 claiming that newly-discovered evidence revealed that contrary to Robertson's prior allegations,

5 the parties' citizenship is not diverse. Robertson opposed that motion and moved separately to

6 amend his complaint, expressing for the first time his intent to assert a federal claim for relief

7 pursuant to 42 U.S.C. § 1983. Robertson did not attach a proposed fourth amended complaint to

8 his motion. At a hearing on July 20, 2007, this Court deferred ruling on Defendants' motion to

9 dismiss and Robertson's motion to amend until September 14, 2007, pending Robertson's

10 submission of a proposed fourth amended complaint.

11    On August 10, 2007, Robertson filed a renewed motion for leave to file a fourth amended

12 complaint, along with a proposed pleading. Robertson alleged generally that "Qadri, individually

13 and in concert with Officer Dan Ryan, acted maliciously, wantonly, unlawfully, willfully,

14 knowingly and with the specific intent to deprive [Robertson] of his rights of freedom from

15 illegal searches and seizures . . .". Proposed Fourth Amended Complaint, August 10, 2007 at ¶

16 46. During oral argument on September 14, 2008, the Court questioned the sufficiency of these

17 conclusory allegations. In response, Robertson indicated that he could allege specific facts

18 sufficient to establish that Qadri and Ryan agreed to pursue an unlawful objective, i.e., the false

19 imprisonment of Robertson. The Court also requested that Robertson submit additional briefing

20 with respect to his domicile. On September 28, 2007, Robertson filed a "Letter Brief," along

21 with a revised proposed fourth amended complaint, in which he provided additional facts to

22 support claims under 42 U.S.C. § 1983 and to establish that diversity of citizenship exists

23 between the parties.

24    On March 25, 2008, after considering the facts and allegations contained in the proposed

25 pleading submitted on August 10, 2007, the Court denied Robertson's motion for leave to

26 amend. Judgment was entered on March 27, 2008. On April 8, 2008, Robertson filed a motion

27 to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), arguing that the Court's

28

2

1 decision failed to take into consideration his revised proposed fourth amended complaint

2 submitted on September 28, 2007.  Robertson also filed a motion to vacate the Clerk's order

3 awarding costs.  Defendants did not file opposition to these motions or appear at a hearing duly

4 noticed for July 11, 2008.  The Court postponed the hearing and directed the Clerk to seek a

5 response from Defendants' counsel.  On July 18, 2008, Defendants filed opposition to

6 Robertson's motion seeking to alter or amend the judgment, arguing that the motion should be

7 denied as futile.  On August 8, 2008, both parties appeared before the Court, at which time the

8 Court requested further briefing on whether *Heck v. Humphrey*,  512 U.S. 477 (1994)*, acted as a

9 bar to Robertson's motion in light of Robertson's intervening criminal conviction in the

10 California Superior Court for driving under the influence on the night in question.  Robertson

11 submitted further briefing on the issue, and Defendants submitted a request for judicial notice of

12 the California Superior Court's statement of decision and denial of Robertson's motion for a new

13 trial.

## III.  DISCUSSION

14

15 **A.  Motion to Alter or Amend the Judgment**

16  Under Federal Rule of Civil Procedure 59(e), courts have discretion to alter or amend

17 their judgments.  Fed. R. Civ. P. 59(e).  A request pursuant to Rule 59(e) may be granted if the

18 court is presented with newly discovered evidence, if the court committed a clear error in its

19 original decision, or to account for an intervening change in controlling law.  *Circuit City Stores*

20 *v. Mantor*, 417 F.3d 1060, 1063 n.1 (9th Cir. 2005).  "Rule 59(e) provides an efficient

21 mechanism by which a trial court judge can correct an otherwise erroneous judgment without

22 implicating the appellate process."  *Clipper Express v. Rocky Mountakn Motor Tariff Bureau,*

23 *Inc.* 690 F.2d 1240, 1249 (9th Cir. 1982).

24  In determining whether its decision dated March 25, 2008 was the result of clear error,

25 the Court must assess whether denial of leave to amend was proper.  "[A] district court has broad

26 discretion to grant or deny leave to amend, particularly where the court has already given plaintiff

27 one or more opportunities to amend his complaint to allege federal claims."  *Mir v. Fosburg*, 646

28

Case No. C 06-4624 JF (HRL)
ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO VACATE AWARD
OF COSTS
(JFEX2)

1  F.2d 342, 347 (9th Cir. 1980).   "Five factors are frequently used to assess the propriety of a

2  motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)

3  futility of amendment, and (5) whether plaintiff has previously amended his complaint."  *Allen v.*

4  *City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  The Court's denial of Robertson's

5  request for leave to file a fourth amended complaint was based on the determination that the

6  proposed amendment was futile.  Specifically, the Court concluded that Robertson had not

7  alleged facts sufficient to support a conclusion that Qadri and Ryan had agreed to pursue an

8  unlawful objective within the meaning of 42 U.S.C. § 1983.  Having reached that conclusion, the

9  Court did not analyze the remaining factors –bad faith, delay, prejudice, and prior amendment.

10  Because it considered only the first of Robertson's two proposed fourth amended complaints in

11  reaching that conclusion, the Court now addresses those factors in the context of the instant

12  motion pursuant to Rule 59(e).

13     As an initial matter, the Court notes that "[l]ate amendments to assert new theories are

14  not reviewed favorably when the facts and the theory have been known to the party seeking

15  amendment since the inception of the cause of action."  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th

16  Cir. 1994); *see also Adams v. Cal. Dep't of Health Servs.*, 200 Fed. Appx. 590 (9th Cir. 2007)

17  (holding that courts do not look favorably on requests to amend filed after several amendments

18  already have been made).  At a certain point, "a party may not respond to an adverse ruling by

19  claiming that another theory not previously advanced provides a possible ground[] for relief and

20  should be considered." *Mir,* 646 F.2d at 347.

21     At the motion hearing on August 8, 2008, the Court questioned Robertson specifically as

22  to why he had failed previously to assert a claim for conspiracy between Qadri and the police

23  officer.  Robertson asserted that after he filed his initial complaint, many new facts surfaced

24  during discovery.  Robertson claimed that because such facts "were not available to [him]

25  beforehand," he would not have been able to "amend[] the complaint with . . . particularity" at an

26  earlier time.  Transcript of Proceedings, August 8, 2008, p. 6, lines 13-14, 23- 35, p. 7, line 1.

27  However, because the basic facts giving rise to the § 1983 claim (i.e., the alleged collusion

28

Case No. C 06-4624 JF (HRL)
ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO VACATE AWARD OF COSTS
(JFEX2)

1   between Qadri and Officer Ryan) clearly were within Robertson's knowledge at the time of the

2   incident, the Court concludes that Robertson's explanation is insufficient to justify his belated

3   assertion of such claims.  Further, the fact that Robertson attempted to assert a § 1983 claim only

4   after facing dismissal for lack of diversity jurisdiction suggests that the amendment may have

5   been offered in bad faith.

6       However, even if the Court were to determine that Robertson's delay were excusable, the

7   proposed amendment nonetheless would be futile in light of Robertson's recent DUI conviction

8   and the state court's denial of Robertson's motion for a new trial.[2]   In *Heck v. Humphrey*, the

9   Supreme Court held that:

> when a state prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or sentence has
> already been invalidated.

13  512 U.S. at 487.  Robertson's theory is that he was not in fact intoxicated on the night in question

14  and that he was arrested for driving under the influence as a result of an unlawful conspiracy

15  between Qadri and the arresting offer.  Success on the proposed § 1983 claim necessarily would

16  implicate the validity of Robertson's criminal conviction.  Indeed, the Court noted at the August

17  8 hearing that unless Robertson could "persuade the superior court that [he was] illegally

18  stopped" and then demonstrate that the state court conviction was erroneous, *Heck* would bar

19  Robertson's proposed § 1983 claims.  Transcript of Proceedings, August 8, 2008,. p. 14, lines 9-

20  12.

21      Robertson argues that under Ninth Circuit law, *Heck* would preclude his § 1983 claims

22  only if he were in custody while asserting the claim.  However, the case upon which Robertson

23  relies, *Nonette v. Small*, 316 F.3d 872 (9th Cir. 2002), is distinguishable.  In that case, the

24  plaintiff's § 1983 claim was based upon the deprivation of good time credits during his

25  incarceration.  The only remedy for such deprivation is a petition for writ of habeas corpus, but

26

27      [2] The Court takes judicial notice of Robertson's conviction of driving while under the
    influence and the denial of Robertson's motion for a new trial in the Santa Clara Superior Court.

28

Case No. C 06-4624 JF (HRL)
ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO VACATE AWARD
OF COSTS
(JFEX2)

1    the plaintiff could not file a habeas petition because he already had been released from custody.

2    Under those limited circumstances, the Ninth Circuit held that *Heck* did not bar the plaintiff from

3    maintaining a § 1983 claim.  Robertson's circumstances are entirely different.  The remedy for

4    his allegedly unlawful arrest and conviction is an appropriate motion or appeal with respect to his

5    criminal conviction.  Robertson in fact filed a motion for new trial in the state court, and his

6    motion was denied.  Thus, the *Heck* doctrine remains as a bar to his proposed § 1983 claim.

7         Robertson asserts that under California and federal case law, a conviction on

8    misdemeanor charges under the California Vehicle Code cannot be used as res judicata or

9    constitute collateral estoppel of any issue in a civil action.  *See* California Vehicle Code 40834

10   ("A judgment of conviction for any violation of this code or of any legal ordinance relating to the

11   operation of a motor vehicle . . . shall not be res judicata or constitute a collateral estoppel of any

12   issue determined therein in any subsequent civil action.").  He contends that "[i]n a federal §

13   1983 suit, the same preclusive effect is given to a previous state court proceeding as would be

14   given to that proceeding in the courts of the State in which the judgment was rendered," *Leather*

15   *v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999), and thus that his misdemeanor conviction for

16   driving under the influence cannot preclude his claims in the instant action.

17        Another court in this district was confronted with a similar issue in *Cole v. Doe 1 through*

18   *2 Officers of Emeryville Police Dep't.*, 387 F.Supp.2d 1084, 1093 (N.D.Cal. 2005).  The court

19   questioned whether the plaintiff, who had been convicted in state court for failing to stop at an

20   intersection, was precluded by the *Heck* doctrine from bringing a § 1983 action.  Relying on

21   California Vehicle Code § 40834, the court held that the plaintiff's state conviction did not bar

22   the § 1983 claim, stating that "under California preclusion law, a misdemeanor conviction is not

23   *necessarily* binding in a subsequent civil action; *its effect depends on the circumstances.*" *Cole,*

24   387 F.Supp.2d at 1093 (emphasis added).  The court specifically noted that preclusion would not

25   be appropriate in that case because the plaintiff was subject "to a traffic violation only," was not

26   represented by counsel in the state court proceeding, and had no extensive opportunity to cross-

27   examine the officers during the proceedings before the state court.  *See id.* at 1093.  Here,

28

Case No. C 06-4624 JF (HRL)
ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO VACATE AWARD
OF COSTS
(JFEX2)

Robertson was convicted not of a simple traffic infraction but of the more serious offense of driving under the influence of alcohol.  Robertson was represented by counsel and was given a full opportunity to argue his claims before the state court.  More importantly for purposes of the *Heck* doctrine, the DUI conviction goes to the heart of Robertson's proposed § 1983 claim, which hinges upon his assertion that he was *not* in fact intoxicated but rather was the victim of a conspiracy.  Under these circumstances, this Court concludes that *Heck* applies.

**B. Motion to Vacate Award of Costs**

Following the entry of judgment on March 27, 2008, Defendants requested that the Clerk tax itemized costs in the amount of $2,943.21.  Defendants' request was supported by the declaration of Shannon K. White, which stated that "[t]he foregoing costs are correct and were necessarily incurred in this action."  On May 1, 2008, the Clerk issued a bill of costs in the amount of $1,605.25.

Civil Local Rule 54-1 provides that Defendants who have been awarded costs must file an affidavit pursuant to 28 U.S.C. § 1924 stating that "the costs are correctly stated, were necessarily incurred, and are allowable by law."  Robertson argues that Defendants' application to tax costs "must be denied in its entirety," because Defendants did not file an affidavit stating that the costs presented "are allowable by law," as required by Civil Local Rule 54-1(a).  Robertson does not cite any authority for his contention that Defendants should be denied *all* costs on this ground.  "The district court has broad discretion in taxing costs." *Brazos Valley Coal. For Life, Inc. v City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir. 2005) (holding that the district court did not abuse its discretion by awarding costs to Defendants who filed an affidavit which did not state that the costs were legally permissible); *see also generally Little Oil Co. v. Atl. Richfield Co.*, 852 F.2d 441 (9th Cir. 1988) (explaining that the local rules and federal statute permit district courts to exercise discretion in taxing costs).  The Clerk already has determined that Defendants are entitled to costs, and Defendants' technical error has had no practical effect on the Clerk's calculation of legally permissible costs.  Accordingly, to the extent that it seeks to deprive Defendants of any costs, Robertson's motion will be denied.

7

1    Robertson also objects to specific certain costs itemized by Defendants.  Of those costs,

2    only the following were awarded by the clerk: (1) a rough ASCII Disk of John Paiz's deposition

3    (costing $219.80); (2) a condensed transcript and CD with final ASCII e-transferred exhibit

4    images of Daniel Francis Ryan's deposition; and (3) costs of the deposition transcript from

5    Tiffany Colon's deposition.[3]  Robertson incorrectly states that the first two items were incurred in

6    connection with John Paiz's deposition, and he argues that Defendants are not entitled to these

7    "extra" costs.

8    Under Civil Local Rule 54-3 "[t]he costs of an original and one copy of any deposition . .

9    . taken for any purpose in connection with the case is allowable."  Civil Local Rule 54-3(b)(1).

10   Robertson correctly points out that at least one court in this jurisdiction has denied recovery of

11   costs relating to ASCII and electronic communication of transcripts *in addition to* the costs

12   awarded for the original transcript.  *Ishida Co v. Taylor*, 2004 WL 2713067 at *1 (N.D. Cal.

13   Nov. 24, 2004).  However, it appears from the receipts submitted by Defendants that the

14   transcripts at issue were the only copies for which costs were requested.  Accordingly,

15   Robertson's request to deduct these costs will be denied.

16   Finally, Robertson argues that Defendants' costs for the deposition of witness Tiffany

17   Colon should be disallowed because Robertson did not receive proper notice of the deposition

18   and was not informed afterwards that it had taken place.  Robertson does not cite any authority in

19   support of this argument.  Accordingly, this request also will be denied.

20

21

22

23

24

25

26   [3]  The Clerk did not allow the following costs: costs of the video depositions of Shiraz

27   Qadri and John Paiz; costs of fifth-day delivery and processing the transcript of Shiraz Qadri;
     costs of fifth-day delivery and processing of the transcript of John Paiz; and costs of delivery and

28   processing (UPS) of the deposition of Tiffany Colon.

Case No. C 06-4624 JF (HRL)
ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO VACATE AWARD
OF COSTS
(JFEX2)

1

## IV.  ORDER

2          The motions to alter or amend the judgment and to vacate the award of costs are

3 DENIED.

4

5

6

7

8

9

10 DATED:  January 15, 2009

11

12                                                    _____
                                                     JEREMY FOGEL
13                                                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1  This Order has been served upon the following persons:

2  Charles Hyunchul Jung:  cjung@nassiri-jung.com

3  Donald Alan Larkin:  Donald.Larkin@cityofpaloalto.org, Janet.Billups@cityofpaloalto.org

4  Peter Dixon dixon@ldbb.com

5  Shannon Kathryne White:  white@lbbslaw.com

6  Timothy Gray: cjung@nassiri-jung.com

7  Wade Robertson:  c0604624@yahoo.com

Case No. C 06-4624 JF (HRL)
ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO VACATE AWARD
OF COSTS
(JFEX2)